IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REID T.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-1821** |
| v. | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| | ************ | |

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Reid T. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 13), Defendant's Motion for Summary Judgment (ECF No. 17), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 18).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On October 12, 2017, Administrative Law Judge ("ALJ") Mary Forrest-Doyle held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert testified. R. at 43-74. The ALJ thereafter found on July 26, 2018, that Plaintiff was not disabled from his amended alleged onset date of disability of March 10, 2012, through the date last insured of September 30, 2013. R. at 8-20. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity during the period of March 10, 2012, through September 30, 2013, and that, through the date last insured, his hypertension and chronic bradycardia were medically determinable impairments. R. at 13-14. Through the date last insured, he did not, however, have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments. R. at 13-15. The ALJ thus found that Plaintiff was not disabled from March 10, 2012, through September 30, 2013. R. at 16.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on June 20, 2019, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work

3

activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[2]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical

---

[2] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42

U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

After the ALJ issued her decision, Plaintiff sought review by the Appeals Council and submitted additional medical records from Landmark Medical Group, LLC, dated December 14, 2011, through January 2, 2014.  R. at 2, 27-42.  The Appeals Council denied review, however, so the ALJ's decision became the Commissioner's final decision.  *See Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).  In denying his request for review, the Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." R. at 2.  Plaintiff contends that "[t]he Appeals Council erred in failing to remand the case to the ALJ regarding the ALJ's step two determination, which the Appeals Council knew was unsupported by substantial evidence." Pl.'s

Mem. Supp. Mot. Summ. J. 8, ECF No. 13-1.  According to Plaintiff, the Appeals Council erred by concluding that the evidence from Landmark Medical Group did not show a reasonable probability that it would change the outcome of the ALJ's decision.  Pl.'s Mem. Supp. Mot. Summ. J. 13-14, ECF No. 13-1.  "The Appeals Council offers no explanation as to how, once privy as to such relevant records that [sic] the outcome of the ALJ's decision would not have changed."  *Id.* at 16-17.  The regulations, however, "do not require the Appeals Council to articulate its rationale for denying a request for review.  Only if the Appeals Council *grants* a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning."  *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.979, 404.1527(f)(3)).  Plaintiff's argument regarding review of the Appeals Council's denial of his request for review thus is unavailing.

Because Plaintiff did not submit this evidence to the ALJ, the Court considers whether a remand is warranted under the sixth sentence of 42 U.S.C. § 405(g).  The sixth sentence of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).  In other words, under the sixth sentence of § 405(g), "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior

7

proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163 (1991). A claimant seeking a remand under sentence six must satisfy four requirements. *Finney v. Colvin*, 637 F. App'x 711, 715 (4th Cir. 2016) (per curiam). "First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record." *Id.* at 715-16 (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). Second, the claimant must establish that the evidence is material. *Id.* at 716. Evidence is material "if the court concludes that the [Commissioner's] decision might reasonably have been different had that evidence been before him when his decision was rendered." *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *see Wilkins*, 953 F.2d at 96 ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). "Third, the claimant must show that good cause exists for her failure to present the evidence earlier." *Finney*, 637 F. App'x at 716 (citing *Borders*, 777 F.2d at 955). Fourth, the claimant must present to the Court at least a general showing of the nature of the new evidence. *Id.* (citing *King*, 599 F.2d at 599). "In assessing whether the claimant has made these requisite showings, however, '[t]his Court does not find facts or try the case de novo.'" *Id.* (alteration in original) (quoting *King*, 599 F.2d at 599).

The Court finds that a sentence-six remand is not warranted for the ALJ to consider Plaintiff's medical records from Landmark Medical Group because he has not shown that the evidence is material. *See id.* The ALJ found that, through the date last insured, Plaintiff had the medically determinable impairments of hypertension and chronic bradycardia but did not have a severe impairment or combination of impairments because he did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months. R. at 13-14. Plaintiff maintains that the records from

Landmark Medical Group revealing osteoarthritis in his left hip "would have completely changed the outcome of the ALJ's decision." Pl.'s Mem. Supp. Mot. Summ. J. 14, ECF No. 13-1. Plaintiff, however, "was required to show not only that he had a diagnosed impairment, but also that he had associated functional limitations that prevented him from adequately performing work-related activities." *Campbell v. Colvin*, No. 2:11CV563, 2013 WL 1213062, at *10 (E.D. Va. Mar. 1, 2013), *report and recommendation adopted*, No. 2:11CV563, 2013 WL 1213090 (E.D. Va. Mar. 25, 2013). Because Plaintiff does not demonstrate that the ALJ's decision "might reasonably have been different had the evidence been before that ALJ," the Court "need not consider whether [he] satisfied the other requirements for remand." *Finney*, 637 F. App'x at 716, 717.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: November 18, 2020                                    /s/
                                                                          Thomas M. DiGirolamo
                                                                          United States Magistrate Judge